DA 13-0017

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 186N

CARL SCHMIDT,

      Plaintiff and Appellant,

  v.

JAMES CORBIN, AMY CORBIN, AND
CHAMPIONSHIP TRAINING, LLC,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and For the County of Missoula, Cause No. DV-12-853
                Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Dale R. Mrkich, Rimel and Mrkich, PLLC, Missoula, Montana

        For Appellees:

            Anne Blanche Adams, Cederberg Law Offices, PC, Missoula, Montana

Submitted on Briefs:  June 19, 2013

Decided:  July 9, 2013

Filed:

_____
                        Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      On July 26, 2012, Carl Schmidt filed a complaint against James Corbin, Amy Corbin, and Championship Training, LLC, in the Fourth Judicial District Court, Missoula County. Schmidt alleged that the Corbins had breached various provisions of the parties' written contract (the Agreement). The Agreement, dated November 26, 2010, outlines the terms of a $25,000.00 loan from Schmidt to the Corbins for the purpose of their martial arts gym, operating under the name Championship Training. Schmidt asserted in his complaint that the Corbins had breached the Agreement for seven reasons—namely, failing to repay the full amount due under the payment schedule, failing to pay interest due on the unpaid balance, failing to pay late fees, failing to pay Schmidt three percent of Championship Training's gross income, failing to provide Schmidt and his immediate family with lifetime access to the gym, failing to pay Schmidt's costs of collection, and failing to reimburse Schmidt for "other costs and expenses" he incurred on behalf of the gym and Championship Training.

¶3      The Corbins moved for summary judgment. As an initial matter, the District Court determined that Schmidt and the Corbins had executed the Agreement in their individual capacities, and the court thus dismissed Championship Training as a party to the lawsuit.

¶4      Next, the court ascertained from the parties' filings that the Corbins had paid Schmidt the full amount due and owing under the Agreement. Regarding Schmidt's allegations that

2

the Agreement covered more than just the loan, and that the Corbins had not fully satisfied the amount due, the court observed that Schmidt had provided only conclusory statements, and no specific evidence, in support of these claims. Moreover, the court noted that the Corbins had actually paid excess principal on the loan in the amount of $1,557.26, which was greater than the "just under $1,200" that Schmidt claimed was still due. The court determined that this overpayment covered Schmidt's claims for interest and late fees.

¶5    The District Court next ascertained, based on the language of the Agreement, that Schmidt's claim for three percent of the gross income from Championship Training had not yet accrued. Regarding access to the gym, the court observed that Schmidt had admitted in his deposition that he had never been denied access to the gym. Moreover, James Corbin had admitted in his second affidavit that Schmidt and his family have lifetime access to the gym and will not be denied such access. Thus, the court deemed the access issue moot. Finally, as to collection costs, the court determined that any such costs have not yet accrued under the terms of the Agreement. With regard to Schmidt's claim for "other costs and expenses," the court observed that the Agreement does not contain a clause providing for such costs, and thus the Corbins could not have breached this nonexistent term.

¶6    Having determined that there were no genuine issues of material fact and that the Corbins were entitled to judgment as a matter of law, the District Court granted their motion for summary judgment. Furthermore, the court awarded the Corbins their attorney's fees in the amount of $11,502.00 (§ 28-3-704, MCA) and their costs in the amount of $598.25 (§ 25-10-102, MCA). On appeal, Schmidt contends that the District Court erred: in granting the Corbins' motion for summary judgment; in dismissing Championship Training from the

3

case; in ruling that the Corbins had fully paid the principal, interest, and fees due under the Agreement; in concluding that the issue of lifetime access to the gym was moot; and in awarding the Corbins their attorney's fees and costs.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the record and the parties' briefs, we conclude that the District Court correctly applied the standards for evaluating a motion for summary judgment. We further conclude that Schmidt has failed to show error in the District Court's award of costs and attorney's fees to the Corbins.

¶8     Affirmed.

                                                    /S/ LAURIE McKINNON

We Concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE

4